IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ALVARO C. CHAVEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 22-C-05523-S5 |
| | ) | |
| KENNETH L. MAYFIELD, | ) | |
| ANDREX LOGISTICS, INC., and | ) | |
| NATIONAL CONTINENTAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANT NATIONAL CONTINENTAL INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW**, National Continental Insurance Company, (hereinafter referred to as the "Defendant"), and responds to the Complaint filed by Alvaro C. Chavez (hereinafter referred to as the "Plaintiff"). Discovery has just commenced and no written discovery or depositions have been undertaken or completed in this case that would allow Defendant to fully evaluate the issues regarding proximate cause, damages, and defenses. Accordingly, this Defendant responds with its preliminary answer and defenses. Without waiving this prefatory position, Defendant responds as follows:

### FIRST DEFENSE

Plaintiff's damages may not have been proximately caused by actions or inactions of this Defendant.

### SECOND DEFENSE

This Defendant alleges and avers that if the Plaintiff has sustained any damages in this case, the Plaintiff may have failed to mitigate said damages as required by law.

**THIRD DEFENSE**

This Defendant asserts that upon information and belief, Plaintiff's economic loss, if any, was or will be replaced or indemnified, in whole or in part, from collateral sources, and this Defendant is entitled to have the Court consider the same in determining such special damages.

**FOURTH DEFENSE**

This Defendant disputes the extent of Plaintiff's injuries and/ or damages. This Defendant also disputes that the proximate cause if his economic loss was proximately caused by the actions or inactions of this Defendant.

**FIFTH DEFENSE**

This Defendant asserts that if the evidence shows that Plaintiff was negligent in bringing about the injuries and damages set forth in the Complaint and said negligence was equal to or greater than any negligence on behalf of this Defendant, Plaintiff is not entitled to damages.

**SIXTH DEFENSE**

Plaintiff cannot recover because the Plaintiff by the exercise of ordinary care may have avoided the consequences of any act, or failure to act, by this Defendant.

**SEVENTH DEFENSE**

This Defendant asserts that the Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed.

**EIGHTH DEFENSE**

This Defendant raises lack of jurisdiction, improper venue, insufficiency of service of process, and insufficiency of process.

**NINTH DEFENSE**

The Complaint, to the extent that it seeks punitive damages, violates this Defendant's rights to protection from excessive fines as provided in the Eighth Amendment of the United States

Constitution, and Article I, §1 of the Constitution of the State of Georgia and violates this Defendant's rights to substantive due process provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia.

## TENTH DEFENSE

The Plaintiff had the last clear chance to avoid any harm sustained and is barred from recovery.

## ELEVENTH DEFENSE

This Defendant is not a proper Defendant and should be dismissed.

## ANSWER

Defendant specifically responds to the numbered paragraphs of the Complaint as follows:

## PARTIES

1.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, which therefore stand denied.

2.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, which therefore stand denied.

3.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, which therefore stand denied.

4.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, which therefore stand denied.

5.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, which therefore stand denied.

6.

Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7.

Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, which therefore stand denied.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, which therefore stand denied.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, which therefore stand denied.

## **GENERAL ALLEGATIONS**

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, which therefore stand denied.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, which therefore stand denied.

13.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, which therefore stand denied.

14.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, which therefore stand denied.

15.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, which therefore stand denied.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, which therefore stand denied.

17.

Defendant denies the allegations contained in Paragraph 17 of the Complaint.

## **COUNT I - NEGLIGENCE OF DEFENDANT MAYFIELD**

18.

Defendant hereby realleges and reincorporates the responses and Defenses set forth above in Paragraphs 1-17 as if fully set forth herein.

19.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, which therefore stand denied.

20.

Defendant is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 20 of the Complaint, which therefore stand denied.

21.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, which therefore stand denied.

22.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, which therefore stand denied.

23.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, which therefore stand denied.

24.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, which therefore stand denied.

## COUNT II— IMPUTED LIABILITY OF DEFENDANT ANDREX

25.

Defendant hereby realleges and reincorporates the responses and Defenses set forth above in Paragraphs 1-24 as if fully set forth herein.

26.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, which therefore stand denied.

27.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, which therefore stand denied.

28.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, which therefore stand denied.

29.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, which therefore stand denied.

## COUNT III - NEGLIGENCE OF DEFENDANT ANDREX

30.

Defendant hereby realleges and reincorporates the responses and Defenses set forth above in Paragraphs 1-29 as if fully set forth herein.

31.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, which therefore stand denied.

32.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, which therefore stand denied.

33.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, which therefore stand denied.

34.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, which therefore stand denied.

## COUNT IV- DIRECT ACTION

35.

Defendant hereby realleges and reincorporates the responses and Defenses set forth above in Paragraphs 1-34 as if fully set forth herein.

36.

Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.

Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, which therefore stand denied.

39.

Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.

Defendant denies the allegations contained in Paragraph 40 of the Complaint.

## COUNT V- DAMAGES

41.

Defendant hereby realleges and reincorporates the responses and Defenses set forth above in Paragraphs 1-40 as if fully set forth herein.

42.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, which therefore stand denied.

43.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, which therefore stand denied.

44.

Defendant denies the allegations contained in Paragraph 44 of the Complaint.

## COUNT VI- PUNITIVE DAMAGES

45.

Defendant hereby realleges and reincorporates the responses and Defenses set forth above in Paragraphs 1-44 as if fully set forth herein.

46.

Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.

Defendant denies the allegations contained in Paragraph 47 of the Complaint.

## PLAINTIFF'S WHEREFORE PARAGRAPH / AD DAMNUM CLAUSE

To the extent the WHEREFORE paragraph and / or Ad Damnum clause contains allegations requiring a response, Defendant denies those allegations including – but not limited to – Subparts (a) through (i).

**WHEREFORE**, Defendant respectfully prays as follows:

a) That Plaintiff's Complaint be dismissed on the grounds set forth above and all costs cast against the Plaintiff;

b) In the alternative, that judgment be granted in favor of Defendant on all counts;

c) That Defendant have a trial by jury, as the law provides; and,

d) For such other and further relief that the Court deems just and proper.

*[SIGNATURE ON FOLLOWING PAGE]*

This 7th Day of November, 2022

RUTHERFORD & CHRISTIE LLP

*/s/ Carrie L. Christie*
Carrie L. Christie
Georgia State Bar No. 125248
Breandan D. Cotter
Georgia State Bar No. 439220
*Attorneys for Defendant* National
Continental Insurance Company

285 Peachtree Center Avenue NE
Marquis II, Suite 1650
Atlanta, GA 30303
(404) 522-6888

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

ALVARO C. CHAVEZ,                        )
                                         )
                    Plaintiff,           )
                                         )   CIVIL ACTION FILE NO.
v.                                       )   22-C-05523-S5
                                         )
KENNETH L. MAYFIELD,                     )
ANDREX LOGISTICS, INC., and              )
NATIONAL CONTINENTAL                     )
INSURANCE COMPANY,                       )
                                         )
                    Defendants.          )
_____ )

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served the opposing party in the foregoing matter

with a copy of the **DEFENDANT NATIONAL CONTINENTAL INSURANCE**

**COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES** by electronic mail at the primary

email address on record with the electronic filing service provider as follows:

- *Sutton T. Slover, sslover@sloverlaw.net (Attorney for Plaintiff)*
- *Kevin W. Burkhart, kevin@sloverlaw.net (Attorney for Plaintiff)*

This 7th day of November, 2022.

RUTHERFORD & CHRISTIE LLP

*/s/ Carrie L. Christie*
Carrie L. Christie
Georgia State Bar No. 125248
*Attorney for Defendant National*
*Continental Insurance Company*

285 Peachtree Center Avenue NE
Marquis II, Suite 1650
Atlanta, GA 30303
(404) 522-6888